DAVID SMITH *vs.* WILLIAM SMITH'S Executrix.

Scraps of paper admitted in evidence as a book of original entries.

THIS was an action of assumpsit for work and labor, goods sold and delivered, &c., with a count for use and occupation.

The plaintiff presented several scraps of paper as his book of

original entries; which, though very irregular, the court permitted to go before the jury, he swearing to them as original entries.

*The Court* said that long practice, and perhaps necessity, required the admission of such evidence. (*a*)

_____

(*a*) *Joshua Hall* vs. *N. Field and A. Wiltbank.* March 18, 1795, Supreme Court, Sussex. Covenant for the hire and one-third value of the schooner Polly Hall, on charter party of affreightment. *Ridgely* and *Bayard*, for defendant; *Miller* and *Wilson*, for plaintiff.

Defendant's counsel offered the book (being a sheet of paper sewed together in octavo,) of one of the defendant's, (Field,) together with his oath in evidence.

Plaintiff's counsel objected that this was not a book regularly and fairly kept; here appears to be only one account; it appearst o have been written all at once, it is agreed that at least many of the charges were written long after the transaction.

*Per Curiam.* READ, *Chief Justice.*—The book is to be read. ˙ We are under a necessity, considering the irregular practice under the act of assumptions, to admit the book, though not such as that act requires : the practice under an act is the best construction of the act. One instance, thirty years back, occurs to me; since which I have not objected to such exhibits. It was a bit of paper about two inches square and entered sometime after the transaction but was the only eivdence, and it was admitted on argument at Dover. There is a similar act in Pennsylvania, and there a closet door with chalks, &c., was admitted. It appears from the book several of the charges were entered long after the transactions; but the jury will give it its credit. (*Wilson's MS. Rep.* 64.)

Verdict for plaintiff.